IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Goldy Thompson,

        Plaintiff,

    v.

Calvin Broadus, *et al.*,

        Defendants.

Case No. 24-cv-1400

**ORDER**

*Pro se* plaintiff Goldy Thompson, a prisoner in the Chillicothe Correctional Institution, filed this *in forma pauperis* action for copyright infringement under the federal Copyright Act against two defendants: Calvin Broadus and "Do-It-Fluid." (Doc. 4).

Plaintiff originally filed his complaint in the Southern District of Ohio, which transferred the action here.

Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is granted, and for the reasons I explain below, his complaint is dismissed.

Despite the transfer to this district from the Southern District of Ohio, I find that venue for Plaintiff's suit is not proper in this district.

Title 28 U.S.C. § 1391(b) provides that a civil action may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff's action does not meet these criteria.

Plaintiff explains that both Defendants reside in California.

None of the alleged wrongful conduct "giving rise to his claim" occurred in this judicial district. Rather, it apparently occurred in California. There is presumably another district in which his complaint might have been brought, *i.e.*, a district located in California.

In sum, Defendants reside in California and that is where the alleged wrongful conduct occurred. Even if venue in this district were proper (on the basis Plaintiff asserts he submitted his copyright request at a United States Post Office in Toledo, Ohio (*see* Doc. 4 at PgID. 5)), there is no basis for an exercise of personal jurisdiction over the two California Defendants.

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

I find that Plaintiff's complaint is properly dismissed rather than transferred to a district in California because it fails to state a plausible claim.

"Registration" of a valid copyright is a prerequisite to filing a copyright infringement suit in federal court. *See* 17 U.S.C. § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). *See also Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 630 (6th Cir. 2001) ("With very limited exceptions . . . registration is a prerequisite to filing a copyright infringement suit.").

"Registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." *Fourth Est. Public Benefit Corporation v. Wall-Street.com, LLC*, 586 U.S. 296, 296 (2019).

Plaintiff simply alleges in his complaint that he "copyrighted and patented Do-it-Fluid, at the United States Post Office located at 1568 West Sylvania Avenue, Toledo, Ohio 43216." (Doc. 4 at 5.)

This is insufficient to demonstrate that the United States Copyright Office has registered his copyright claim as is a required to file a copyright infringement suit in federal court. *See e.g.*, *Seals v. Seals*, No. 2: 14 cv 2058, 2014 WL 3592025 (W.D. Tenn. Apr. 8, 2014) (dismissing a *pro se* and *in forma pauperis* copyright infringement complaint for failure to state a claim because plaintiff failed to allege registration of asserted copyright with the Copyright Office).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Plaintiff's IFP application be, and the same hereby is, granted.

2. Plaintiff's complaint (Doc. 4) be, and the same hereby is, dismissed.

3. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

Date: 12/17/2024

/s/ James G. Carr
Sr. U.S. District Judge